STATE of Missouri, Respondent,

v.

Terry DICKSON, Appellant.

No. 66670.

Missouri Court of Appeals,
Eastern District,
Division One.

April 9, 1996.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Terry Dickson, (defendant), appeals conviction and eight year sentence for sale of a controlled substance. Defendant participated in a sale of cocaine to an undercover police officer.

■ The only claim of error is that the prosecutor, in rebuttal closing argument, "ASSERTED TO THE JURY THAT HE POSSESSED PERSONAL KNOWLEDGE, NOT AVAILABLE TO THE JURY, OF MR. DICKSON'S GUILT." Defendant argues the trial court committed reversible error when it failed, sua sponte, to grant a mistrial or admonish the prosecutor and instruct the jury to disregard the prosecutor's description of the process leading to the decision to charge a crime. The prosecutor, referring to the role of a police officer, made the following argument:

They take their case, they bring the evidence into the Circuit Attorney's Office, the Circuit Attorney's Office decides if there is enough to make the case under the law, it gets issued, the evidence gets presented, the witnesses take the stand, the

tape is here. We have a ten man team so that we can have somebody in an undercover position so that we can have an audiotape. The audiotape is beautiful, listen to it. The man is in the car talking about drugs.

■ In the absence of objection we review only for plain error. We find no error, plain or otherwise. First, the argument was no more than an explanation of the procedure which leads to the filing of a charge. It did not infer knowledge of facts dealing with proof of any element of the charged crime. Second, the explanation was in response to defense counsel's closing argument attacking the police department for going after "little fish" and letting the "big fish" get away. Defense counsel had also challenged the credibility of a police officer as a witness, the police in general, and the criminal justice system. "Considerably more leeway is granted when argument is retaliatory." State v. Mease, 842 S.W.2d 98, 109 (Mo. banc 1992), cert. denied, 508 U.S. 918, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993).

We affirm.

REINHARD, P.J., and GRIMM, J., concur.